NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
WILLIAM FAULMAN, et al.,                :
                                        :
              Plaintiffs,     :     Civil No. 04-5083 (AET)
                                        :
    v.                                    :     **MEMORANDUM & ORDER**
                                        :
SECURITY MUTUAL FINANCIAL               :
LIFE INSURANCE COMPANY, et al.,         :
                                        :
              Defendants.     :
_____:

THOMPSON, U.S.D.J.

I.    Introduction

    This matter is before the Court on Defendant Security Financial Life Insurance Company's ("Defendant" or "Security Financial") Motion to Cause Plaintiffs to File Certain Documents Under Seal pursuant to Local Civil Rule 5.3(c).  The Court has decided this motion after considering the parties' written submissions and without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, the Court will deny the motion in part and grant it in part.

II.    Background

    Plaintiffs wish to file three exhibits in support of their pending motion for class certification and their cross-motion for summary judgment.  These exhibits have been designated by Defendant as "Confidential" under the parties' Stipulated Protective Order Regarding Confidentiality ("Stipulated Protective Order").  In accordance with the Stipulated Protective

-1-

Order,

> [i]f counsel for either party desires to file material designated as "Confidential" with the Court, he or she shall either (a) file a formal motion to seal; or (b) if he or she does not believe that the materials warrant the filing of a motion to seal, advise the other party which designated that material as "Confidential" in writing of his or her intention to file specific materials or categories of materials.

(Def.'s Br. 1.) After Plaintiffs advised Defendant of their intention to file documents designated as "Confidential," Defendant filed the current motion to seal.

III.   Applicable Law

The Third Circuit recognizes "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001). In particular, there is "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993). The right of access, however, is "not absolute," and must be weighed against the countervailing interest in secrecy. Id. at 165 (quoting Bank of Am. Nat'l Trust & Savs. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986)).

The party bringing a motion to seal has the burden of showing that the interest in secrecy outweighs the presumption of access. Id. To meet this burden, the moving party must show "good cause." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (applying the good cause analysis of Fed. R. Civ. P. 26(c)). Namely, the moving party must show that the "material is the kind of information that courts will protect" and that it will suffer "a clearly defined and serious injury" if the material is disclosed. In re Cendant Corp., 260 F.3d at 194.

Generally, a court will protect materials containing "trade secret[s] or other confidential research, development, or commercial information" to prevent harm to a litigant's competitive standing in the marketplace. Fed. R. Civ. P. 26(c)(7); see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). General allegations of harm are not sufficient; the party must give "specific examples or articulated reasoning" demonstrating the harm that would result. See In re Cendant Corp., 260 F.3d at 194.

In addition, under Local Civil Rule 5.3(c), a party seeking to seal materials must file a formal motion addressing four factors:

> (a) the nature of the materials . . . at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

D.N.J. Civ. R. 5.3(c)(2). The court considering the motion to seal must make findings on the factors listed in Local Civil Rule 5.3(c)(2), "as well as other findings required by law." D.N.J. Civ. R. 5.3(c)(5).

IV.     Analysis

Plaintiffs seek to file Exhibits L, M, and N as materials in support of their motions for class certification and for partial summary judgment. Because these motions are nondiscovery motions, the Court will presume access to the exhibits unless Defendant shows that the need for secrecy outweighs the presumption of access.

A.     Exhibit L

Defendant describes Exhibit L as "confidential, commercially sensitive information about [its] market penetration in particular states and geographical areas with respect to the insurance

product at issue." (Def.'s Br. 3.) Defendant claims that if the exhibit were made public, a business competitor would be able to "make more informed decisions regarding which states or geographic locations . . . should or should not be targeted for competition." (Def.'s Br. 3.) Defendant also claims that competitors could use the information to disparage the size of Defendant's presence in the marketplace. (Def.'s Br. 3.) These are legitimate business reasons to protect Exhibit L.

Defendant must also identify a "clearly defined and serious injury." In re Cendant Corp., 260 F.3d at 194. Exhibit L contains a list of participating employers, each apparently denoted by an identifying number and the state where the employer is located. Exhibit L also includes a data table, with columns labeled with the years 1989 to 2004, and with more numbers listed under those column headings that show "how many plan participants there were in any given state in any given year; when their participation began; and when their participation ceased." (Def.'s Br. Rep. 6.) The Court is persuaded that Defendant would suffer a competitive disadvantage if such information were disclosed to the public. This is confidential internal information that Defendant has gathered for its private database, and would allow an unfair advantage in the marketplace if made accessible to an enterprising competitor.

In addition, the Court notes that Plaintiffs rely on Exhibit L to show how many participants were in the plan, and also to show that Defendant marketed to new participants after a certain date. Plaintiffs, however, have indicated that they can show some of this information by using Defendant's Form 5500 filings, which are publicly available through the Internet. (Pls.' Br. Opp. 4.) Whenever possible, Plaintiffs should seek to use publicly available information rather than confidential business information where such business information contains

extraneous confidential elements that are not necessary to their case. Given the preference for access to judicial records, and after carefully balancing this preference with the need for secrecy, the Court will order that portions of Exhibit L be redacted before the exhibit is filed as part of Plaintiff's pending motions. Cf. Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994) (permitting limited use of highly detailed business information regarding defendant's business operations).

    B.    Exhibit M

Defendant identifies Exhibit M as "sensitive information created and utilized on a strictly internal basis by the management of Security Financial to analyze and formulate its marketing strategy regarding the product at issue." (Def.'s Br. 4.) Specifically, the exhibit includes "information about the amount of deposits received, the percentage that amount represents of Security Financial's total business, . . . the number of plans and covered individuals," and information about complaints received by Security Financial about its product. (Def.'s Br. 4.) Defendant's concern is that a rival company could use the information to disparage Defendant's reputation in the marketplace. Defendant also asserts attorney-client privilege.

Defendant's allegations that harm would result from the disclosure of Exhibit M are insufficient. As Plaintiffs point out, information that has already been disclosed in other lawsuits would tend to have the same effect on Defendant's reputation. Defendant's attempt to assert attorney-client privilege is similarly unavailing. Attorney-client privilege protects "confidential communications between client and attorney." United States v. Doe, 429 F.3d 450, 452 (3d Cir. 2005). Although Exhibit M indicates that conversations took place between representatives of Defendant and an attorney, the substance of those conversations has been redacted or is not

provided.  Thus, permitting disclosure of the document would not violate attorney-client privilege.  The Court also observes that the exhibit dates back more than 10 years ago to March 1996.  The rationale for protecting materials from disclosure is undermined when those materials contain information that is stale.  See Zenith Radio Corp., 529 F. Supp. at 891.  As a result, the Court is not persuaded that there is a need to seal Exhibit M.

  C. Exhibit N

Defendant characterizes Exhibit N as containing "the personal notes and thoughts of Security Financial's Don Brubaker, written by him in preparation for a certain meeting he attended concerning strategy decisions under consideration regarding the SFL EPIC Plan and GEAR product."  (Def.'s Br. 4.)  Defendant alleges that a competitor could use the information in Exhibit N to "disparage Security Financial and unfairly characterize its efforts to analyze and update its product."

After balancing the need for secrecy with the presumption of access, the Court concludes that Exhibit N should not be sealed.  The information in Exhibit N is extremely relevant to Plaintiffs' case.  See Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005).  In addition, the information in Exhibit N dates back to more than 10 years ago, making it unlikely to provide a competitive business advantage to a rival company.  As for the impact on Defendant's reputation, the Court has already noted that information about lawsuits against Defendant is publicly available.  Further, Defendant has not made a sufficiently specific showing of how the disclosure of its efforts to analyze and update its product would result in a competitive business disadvantage, especially where such efforts were made more than a decade ago.

V. Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 31st day of May 2006,

ORDERED that Defendant's Motion to Seal [74] is DENIED IN PART AND GRANTED IN PART; and it is further

ORDERED that Exhibit L may be filed if it is redacted by excising all of the numbers on pages SFF001091, SFF001092, SFF001093, SFF001094, SFF001095, SFF001096, SFF001097, with the exception of the header line on page SFF001091 indicating the years 1989 to 2004, and the last line on page SFF001097, which begins with the number 6 (the summary line); and it is further

ORDERED that Exhibits M and N may be filed unsealed.

    s/ Anne E. Thompson
    ANNE E. THOMPSON, U.S.D.J.